IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DARLENE HENSON, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-18-674 |
| STEPHANIE BROWN, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Darlene Henson brought this tort action against Stephanie and Charles Brown and Towne Vacations Deep Creek, LLC, d/b/a Railey Mtn. Lake Vacations, LLC ("Towne Vacations-RMLV") in the Circuit Court for Garrett County, Maryland on November 20, 2017. (Compl., ECF No. 2.) Towne Vacations-RMLV removed the case to this Court on March 7, 2018, asserting diversity jurisdiction. (Notice of Removal, ECF No. 1.) Towne Vacations-RMLV moved to dismiss on March 12, 2018. (Mot. Dismiss, ECF No. 9.) Plaintiff responded in opposition to the motion and simultaneously moved to amend her complaint on April 3. (Opp'n and Mot. to Amend, ECF No. 13.) Towne Vacations-RMLV replied in support of its motion on April 9. (Reply, ECF No. 14.) Towne Vacations-RMLV did not substantively oppose Plaintiff's motion for leave to file an amended complaint, but even if the Court construed Towne Vacations-RMLV's reply as an opposition to Plaintiff's motion, Plaintiff's time to file a reply in support of that motion has passed. Therefore, Towne Vacations-RMLV's motion to dismiss and Plaintiff's motion for leave to file an amended complaint are ripe. It is not necessary to hold a hearing to resolve either matter. *See* Local Rule 105.6 (D. Md. 2016). The Court will construe

Towne Vacations-RMLV's motion as a motion for summary judgment. Plaintiff incorrectly named Towne Vacations-RMLV in her complaint, and therefore Towne Vacations-RMLV's motion for summary judgment will be granted by accompanying order, and Towne Vacations-RMLV will be dismissed as a party to this action. Plaintiff's motion for leave to amend her complaint will be denied without prejudice by accompanying order.

**I.     *Background***

Plaintiff alleges that on December 5, 2014, she was a guest at a rental property in McHenry, Maryland. (Compl. ¶ 5.) She alleges that on December 5, 2014 she slipped and fell at the rental property as a result of an "unsecured area rug." (*Id.* ¶ 6.) She alleges that the home was owned by Stephanie and Charles Brown, and that Railey Mtn. Lake Vacations, LLC a/k/a Lake Shore Dreams ("RMLV I") managed the property. (*Id.* ¶ 4.)

The following facts are undisputed. On April 1, 2017, Towne Vacations-RMLV purchased the assets of RMLV I. (Asset Purchase Agreement, ECF No. 9-2.) On May 23, 2017, RMLV I changed its name to Miller Railey, LLC ("Miller Railey"). (Articles of Amendment, ECF No. 9-3.) The next day, May 24, Towne Vacations-RMLV registered in Maryland to use the name "Railey Mtn. Lake Vacations, LLC." (*See* State Department of Assessments and Taxation Confirmation Letter, ECF No. 9-4.)

Plaintiff brought suit against the Browns and Towne Vacations-RMLV in Circuit Court in Garrett County. Defendant Towne Vacations-RMLV removed the case to this Court on March 7, 2018, and moved to dismiss on March 12. The Browns have not moved to dismiss and answered the complaint on March 12.

## II. *Standard*

The Court construes Towne Vacations-RMLV's motion as a motion for summary judgment. *See Pevia v. Shearin*, Civ. No. ELH-13-2912, 2015 WL 629001, at *3 (D. Md. Feb. 10, 2015) (considering Rule 12(b)(6) motion under Rule 56 when motion was captioned as a summary judgment motion "in the alternative" and submitted matters outside the pleadings). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

## III. *Analysis*

Defendant Towne Vacations-RMLV's sole argument for judgment in its favor is that it was not the property management company when Plaintiff allegedly slipped and fell at the property in McHenry, Maryland, and therefore is not liable for any harm that may have occurred that day. Plaintiff does not argue that there is a genuine dispute of fact in this regard. Plaintiff makes no argument in her opposition that Towne Vacations-RMLV managed the property on the day in question, or, for example, that Towne Vacations-RMLV is liable under a theory of successor liability, or did in fact assume this liability when it purchased the assets of RMLV I. Rather, Plaintiff argues in her opposition that she mistakenly named Towne Vacations-RMLV, but that her mistake can be overcome by an amendment to her complaint properly naming Miller Railey as a defendant. Plaintiff further argues that this amendment would relate back because she has satisfied the notice (and other) requirements of Federal Rule of Civil Procedure 15(c).

The Court agrees with Towne Vacations-RMLV that Plaintiff's arguments in support of her motion to amend in fact support Towne Vacations-RMLV's "position that it should be dismissed from this action." (Reply 3, ECF No. 14.) That is, Plaintiff and Towne Vacations-RMLV agree on one crucial point: Towne Vacations-RMLV was not the company managing the property in McHenry, Maryland where Plaintiff allegedly slipped and fell. Plaintiff has not presented in her complaint or opposition any other basis for liability against Towne Vacations-RMLV. Accordingly, the Court will grant Towne Vacations-RMLV's motion, and dismiss Towne Vacations-RMLV as a party to this action.

Plaintiff labeled her opposition as a "Response to Motion to Dismiss and Motion for Leave to Amend Complaint." The Court will construe this pleading in part as a motion for leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). Plaintiff argues that, under Federal Rule of Civil Procedure 15(c), her amended complaint should relate back to her original complaint for statute of limitations purposes, and is therefore a timely complaint against Miller Railey. She argues that, in accordance with the standards for relation back set forth in Rule 15(c), Miller Railey received adequate notice of this action and was aware that it should have been named but for a mistake by the Plaintiff. But, in determining the sufficiency of that notice, the Court only has Plaintiff's say-so (and some additional evidence attached to Plaintiff's opposition/motion). As far as the Court can tell, this motion was not served on Miller Railey. In other words, Miller Railey may still be unaware that Plaintiff is attempting to sue it, and has not been given an opportunity to respond to Plaintiff's contentions that it had sufficient notice of the claim. Therefore, the Court finds it would be inappropriate to consider the merits of Plaintiff's motion at this time and the Court will deny it without prejudice.

If Plaintiff wishes to amend her complaint, she may move the Court for leave to do so, and if she does so she shall serve her proposed amended complaint on the defendant(s) who are named in that complaint. The Court will additionally note that Plaintiff's proposed amended complaint attached to her opposition/motion continues to name Towne Vacations-RMLV as a defendant; it adds Miller Railey as a defendant instead of substituting it. (*See* Proposed Amended Complaint, ECF No. 13-7.) For the same reasons the Court is dismissing Towne Vacations-RMLV as a party to this action—*i.e.*, that Towne Vacations-RMLV was not the property manager on December 5, 2014 and Plaintiff has not alleged other reasons that it should be liable for any harm that may have occurred on the property on that day—any amendments to Plaintiff's complaint that only add new parties will be considered futile as against Towne Vacations-RMLV. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (discussing three situations when a motion to amend under Rule 15(a)(2) should be denied, including when the proposed amendments would be futile).

**IV.** *Conclusion*

Plaintiff does not dispute that Towne Vacations-RMLV was not the property manager at the time Plaintiff allegedly slipped and fell at the property in McHenry, Maryland, and Plaintiff has stated no other reason that Towne Vacations-RMLV would be liable for any harm resulting from that alleged incident. Accordingly, Towne-Vacations-RMLV's motion for summary judgment will be granted by accompanying order and it will be dismissed as a party to this case. Plaintiff did not serve her motion for leave to file an amended complaint on the proposed new defendant, and therefore Plaintiff's motion for leave to amend will be denied without prejudice.

DATED this 11th day of May, 2018.

                                                    BY THE COURT:

                                                    _____/s/_____
                                                    James K. Bredar
                                                    Chief Judge